UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 2:10-cv-65-KKC

WILLIAM ERNEST RECTOR II                                                            PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                   DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on cross motions for summary judgment filed by Plaintiff William Ernest Rector II and Defendant Michael J. Astrue, Commissioner of Social Security. Rec. 7, 8. For the reasons set forth below, the Court will deny the Plaintiff's motion and will grant the Defendant's motion.

**I.     FACTS AND PROCEDURAL HISTORY**

At the time of the alleged disability onset date, the Plaintiff was a forty-one year old male with a high school education. AR 20. He has past relevant work experience as an airplane refuel worker. AR 150-151. He alleges that he was disabled beginning on October 31, 2002 due to lower lumbar syndrome, hip problems, and bad nerves. AR 130.

On May 11, 2006, the Plaintiff filed applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). AR 14, 105, 110. These claims were denied initially and upon reconsideration. AR 64-79. The Plaintiff then requested a hearing before an Administrative Law Judge. AR 81. The request was granted and the Plaintiff appeared and testified at a hearing held on December 5, 2007. AR 24-56.

On February 28, 2008, Administrative Law Judge Larry Temin determined that the Plaintiff was not disabled as defined by the Social Security Act. AR 14-21. The Plaintiff filed a request for

review by the Social Security Administration's Appeals Council, but the request was denied. AR 9, 1-3. Consequently, the ALJ's decision became the final decision of the Commissioner. Since the Plaintiff has exhausted all of his administrative remedies, his claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. DISCUSSION

### A. Standard of Review

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994).

This Court is required to defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Where the Commissioner adopts the ALJ's opinion as its own opinion, the Court reviews the ALJ's opinion directly. *See Sharp v. Barnhart*, 152 F. App'x 503, 506 (6th Cir. 2005).

### B. Overview of the Process

Under the Social Security Act, disability is "the inability to engage in 'substantial gainful

2

activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). The disability determination is made by an ALJ using a five step sequential evaluation process. *See* 20 C.F.R. § 416.920. The claimant has the burden of proving the existence and severity of limitations caused by his impairment and that he is precluded from doing past relevant work for the first four steps of the process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). However, the burden shifts to the Commissioner for the fifth step. *Id.*

At the first step, the claimant must show he is not currently engaging in substantial gainful activity. *See* 20 C.F.R. § 416.920(a)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. *See* 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. *See* 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimant's impairments, including those which are not severe. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the claimant's RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. *See* 20 C.F.R. § 404.1520(f).

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. *See* 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c).

### C. The ALJ's Decision

At step one of the sequential evaluation process, the ALJ determined that the Plaintiff had not engaged in substantial gainful activity since October 31, 2002, the alleged onset date. AR 16. At step two, the ALJ found that the Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, avascular necrosis of the hips, and depression. AR 16. However, at step three, the ALJ found that these impairments did not meet or medically equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 17.

Prior to step four, the ALJ determined that the Plaintiff has the RFC to:

> perform sedentary work, lifting/carrying/pushing/pulling up to 5 pounds frequently and 10 pounds occasionally. He can stand and/or walk for 2 hours a workday (standing and/or walking 30 minutes at a time, then sitting for 5 minutes). He can sit 6 hours a workday (sitting one hour at a time, then standing for 2 to 3 minutes). He should never crawl, balance, or climb ladders, ropes, or scaffolds. He can only occasionally stoop, kneel, crouch, twist, and climb ramps or stairs. He should never work at unprotected heights or around hazardous machinery. He is able to perform only simple, routine, repetitive tasks. He is able to remember and carry out short and simple tasks. The job should not require more than ordinary and routine changes in work setting or duties. He is able to make only simple work-related decisions.

AR 19. Since the Plaintiff's past relevant work as an airplane refuel worker was semi-skilled and performed at the heavy exertional level, the ALJ determined at step four that he is unable to perform past relevant work. AR 19. However, at step five, the ALJ determined that based on the Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. AR 20. Accordingly, the ALJ found that the Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 21.

### D. Analysis

The Plaintiff contends that the ALJ erred by (1) failing to give appropriate weight to the opinion of his treating physician, (2) failing to give appropriate weight to the opinion of a consulting

psychologist, (3) improperly evaluating his credibility, and (4) failing to find him disabled under Social Security Listing 1.02. The Court will consider these arguments in turn.

**1. Treating Physician's Opinion**

The Plaintiff claims that the ALJ improperly rejected the opinion of his treating physician, Dr. Gary Shearer. In an RFC assessment on April 12, 2007, Dr. Shearer opined that the Plaintiff was incapable of even low stress, simple, sedentary work and had limited use of his hands, arms, and fingers. AR 429-32.

In general, an ALJ should give more weight to the opinions of treating physicians than other sources because

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990)). In other words, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle*, 998 F.2d at 348.

In this case, the ALJ noted that despite Dr. Shearer's assessment, the medical evidence did not support such a restrictive RFC. AR 19. Specifically, the ALJ found that "[a]lthough the claimant has avascular necrosis of the hips, x-rays are essentially normal and MRI testing shows the necrosis to be early, or mild." AR 19, 224, 355-56, 433. The ALJ also found that the Plaintiff's

5

lumbar disc disease x-rays and MRIs showed no evidence of nerve root compression. AR 19, 355, 362, 434. Furthermore, although the Plaintiff complained of pain, Dr. Shearer's own treatment record states that the Plaintiff has "pretty good control of his pain now. He seems to be functioning pretty well without any side effects. He says his pain level is certainly tolerable under his present pain management." AR 255. Consulting examiner Dr. Raymond Santucci confirmed these findings, saying that based on his detailed physical examination, "the patient appears to be capable of performing a moderate amount of sitting, ambulating, standing, bending, kneeling, pushing pulling, lifting and carrying heavy objects. In addition, the patient has no difficulty reaching, grasping, and handling objects." AR 222-23. Accordingly, although a treating physician's opinions should ordinarily be given significant deference, the Court finds that the ALJ's decision to reject Dr. Shearer's assessment was supported by substantial evidence. AR 19.

### 2. Consulting Psychologist's Opinion

The Plaintiff also claims that the ALJ improperly rejected the opinion of consulting psychologist Dr. Laura Little. In July 2006, Dr. Little diagnosed the Plaintiff with a major depressive disorder and concluded that "[h]is ability to adapt and to tolerate the stress and pressures associated with day-to-day work activity is moderately to significantly impaired."
AR 217-18.

In general, the opinion of a consulting physician is not entitled to the deference due to the opinion of a treating physician. *See e.g., Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Moreover, an ALJ can reject the opinion of a consulting psychologist based upon the ALJ's interpretation of the psychological findings and lay evidence. *See Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 452-53 (6th Cir. 1986). In fact, an ALJ is not bound by a consulting psychologist's conclusion that a claimant is not capable of engaging in substantial work activity. *Id*.

at 452.

In this case, the ALJ noted that despite Dr. Little's findings, the Plaintiff was never referred to a mental health specialist and never sought mental health treatment. AR 19, 35-36, 39. Furthermore, Dr. Santucci observed that the Plaintiff's intellectual functioning was normal, and two non-examining state agency psychological consultants found that the Plaintiff could properly function in work settings. AR 19, 221, 249, 319. Even Dr. Little herself found that the Plaintiff's remote memory, fund of information, and abilities to calculate, engage in abstract thinking, and use judgment were all adequate. AR 19, 214. Accordingly, the Court finds that the ALJ's decision to give Dr. Little's conclusion little weight was supported by substantial evidence. AR 19.

### 3. The ALJ's Credibility Determination

The Plaintiff next argues that the ALJ committed reversible error by improperly evaluating the Plaintiff's credibility. According to the Sixth Circuit, there is a two-prong test for assessing a claimant's complaints of pain or other symptoms:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994) (quoting *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).

In this case, while the ALJ found that the Plaintiff's impairments could reasonably be expected to produce the alleged symptoms, he found that the Plaintiff's statements about the intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 18. In making this finding, the ALJ considered a number of factors, including the objective medical evidence, the effectiveness of the Plaintiff's medication at relieving his pain, and the Plaintiff's daily

activities. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c).

First, the ALJ considered the objective medical evidence. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). As stated above, the ALJ found that the x-rays of the Plaintiff's hip were essentially normal and showed no more than early or mild necrosis. AR 19, 224, 355-56, 433. The ALJ also found that the Plaintiff's lumbar disc disease x-rays and MRIs showed no evidence of nerve root compression. AR 19, 355, 362, 434. Furthermore, the ALJ found that the Plaintiff's testimony regarding his physical limitations conflicted with the findings of three different medical professionals. AR 18, 222-23, 226-32, 322-26; *see also* 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4) (providing that an ALJ can consider conflicts between a claimant's statements and the objective medical evidence).

Second, the ALJ considered the effectiveness of the Plaintiff's medication at relieving his pain. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). The ALJ found that Dr. Shearer's treatment records indicated that the Plaintiff had extremely good pain management. AR 18, 266. Specifically, Dr. Shearer noted that the Plaintiff had "pretty good control of his pain," said that "the back pain he feels is under fair control with his medications," and said that "he's very happy with his pain management." AR 255, 264, 266.

Third, the ALJ considered the Plaintiff's daily activities. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) (acknowledging that "an ALJ may consider household and social activities in evaluating complaints of disabling pain"); *see also* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). The ALJ pointed out that the Plaintiff was able to care for his personal needs, handle his finances, and drive. AR 18, 42-43, 174-77, 218. The ALJ also noted that the Plaintiff could go see his friends, go on trips, and do light activity such as light housework. AR 18, 266. The Plaintiff even served as his mother's caretaker. AR 18, 294.

In sum, the ALJ considered several factors in concluding that the Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were not entirely credible. Accordingly, the Court finds that the ALJ properly evaluated the Plaintiff's credibility and his findings were based on substantial evidence.

### 4. Social Security Listing 1.02

Finally, the Plaintiff argues that the ALJ committed reversible error in failing to find him disabled under Social Security Listing 1.02, which provides in pertinent part:

> 1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joints(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), *resulting in inability to ambulate effectively*, as defined in 1.00B2b . . . .

20 C.F.R. pt. 404, subpt. P, app. 1, § 1.02 (emphasis added). An inability to ambulate effectively means an "extreme limitation of the ability to walk." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1). Ineffective ambulation is generally defined "as having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the function of both upper extremities." *Id*. A person ambulates effectively if they are "capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living . . . [and can] travel without companion assistance to and from a place of employment." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2). Ultimately, the Plaintiff bears the burden of establishing that he was disabled under Listing 1.02. *See Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 653 (6th Cir. 2009).

In this case, the ALJ adequately explained why the Plaintiff did not meet Listing 1.02.

9

Specifically, the ALJ determined that "[t]he claimant is able to ambulate effectively and use his arms effectively despite his physical impairments." AR 17. Although the ALJ did not explicitly refer to Listing 1.02, it is clear to the Court that the ALJ was responding to the Plaintiff's argument that he met that Listing. AR 26-27. Furthermore, substantial evidence in the record supports the ALJ's finding that the Plaintiff could effectively ambulate and thus did not meet Listing 1.02. For example, Dr. Santucci observed that the Plaintiff was able to ambulate with a normal gait without the use of ambulatory aids and could stand on either leg without difficulty. AR 222-23. Moreover, Dr. Shearer stated that the question of whether the Plaintiff needed a cane or assistive device for walking was not applicable. AR 431. Dr. Shearer also noted that the Plaintiff was able to do daily activities, such as light housework, visiting friends, and taking trips, suggesting he could ambulate effectively. AR 18, 266. The Plaintiff could also drive and go out alone, demonstrating that he would be capable of traveling to and from work without companion assistance. AR 18, 42, 177. Lastly, although the Plaintiff testified that he had been using a cane for three months prior to the December 5, 2007 hearing, his use of a single cane does not satisfy the requirement that the hand held device in question "limit[ ] the functioning of *both* upper extremities." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(1) (emphasis added); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.00B2b(2) (noting that "examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, *two* crutches or *two* canes . . . .") (emphasis added). Accordingly, the ALJ's decision that the Plaintiff did not meet Listing 1.02 was supported by substantial evidence.

## III. CONCLUSION

For the reasons set forth above, the Court holds that the ALJ's decision denying the Plaintiff's claim for benefits is supported by substantial evidence. Accordingly, the Court **HEREBY ORDERS** as follows:

(1) Plaintiff's Motion for Summary Judgment (Rec. No. 7) is **DENIED**; and

(2) Defendant's Motion for Summary Judgment (Rec. No. 8) is **GRANTED**.

This 15th day of November, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge